UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 14, 2020

MEMORANDUM TO COUNSEL RE:       Glen Hanson, et al. v. Kenneth Alfonso
                                Hanson, et al.
                                Civil No. GLR-19-2214

Dear Counsel:

    Pending before the Court is Defendants Kenneth Alfonso Hanson ("Defendant Hanson"), Renae Denise Robinson, and Rehans Logistics, Inc.'s ("Rehans Logistics") Partial Motion to Dismiss Count III of Plaintiffs' Complaint and Motion to Strike All Requests for Punitive Damages (ECF No. 14). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

    On February 27, 2017, Defendant Hanson was driving a tractor that he and the other Defendants jointly own when he allegedly backed up and struck Plaintiff Glen Hanson ("Plaintiff Hanson"), who was standing nearby.[1] (Compl. ¶¶ 12–16, 22, ECF No. 1). The accident occurred outside of a Bob's Discount Furniture store in Aberdeen, Maryland. (Id. ¶¶ 12–13).

    Plaintiff Hanson suffered "multiple fractures," "internal injuries," and "pre-impact terror," necessitating emergency treatment. (Id. ¶¶ 27, 30). Plaintiffs Glen and Marvia Hanson allege that the accident was caused by Defendant Hanson's "failure to exercise due care to avoid colliding with any pedestrian, failure to yield, failure to warn, failure to see what was there to be seen, failure to stop before entering any crosswalk, failure to exercise proper precaution . . . failure to safely back his vehicle, and negligent driving." (Id. ¶ 29).

    Plaintiffs, who are New York residents, sued Defendants on January 11, 2018 in the Southern District of New York, but that case was dismissed for lack of personal jurisdiction. (Compl. ¶¶ 3, 9–10). On July 30, 2019, Plaintiffs sued Defendants in the United States District Court for the District of Maryland. (ECF No. 1). The Complaint alleges negligence as to Defendant Hanson (Count I); negligence as to Robinson, individually and doing business as Rehans Logistics (Count II); negligence per se as to Defendant Hanson and Robinson, individually and doing business as Rehans Logistics (Count III); and loss of consortium/service

---

[1] The Complaint names Glen Hanson and Marvia Hanson as Plaintiffs but fails to specifically identify who was struck by the tractor. However, the Court infers from the use of the pronoun "him" that Plaintiff Glen Hanson was the person injured in the accident. (See Compl. ¶ 22). Additionally, unless otherwise noted, the Court takes the facts from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

(Count IV). (Compl. ¶¶ 31–59). Plaintiffs seek unspecified compensatory and punitive damages. (Id. at 10–11).

On September 24, 2019, Defendants filed a Partial Motion to Dismiss Count III of Plaintiffs' Complaint and Motion to Strike All Requests for Punitive Damages. (ECF No. 14). Plaintiffs filed an Opposition on October 8, 2019. (ECF No. 16). Defendants filed a Reply on October 16, 2019. (ECF No. 19).

**Motion to Dismiss**

Defendants move to dismiss Count III, negligence per se, pursuant to Federal Rule of Civil Procedure 12b(6). The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Defendants argue that Maryland does not recognize negligence per se as an independent cause of action. Plaintiffs, citing Jimenez v Wells Fargo, National Association, No. PWG-16-3721, 2017 WL 1230823 (D.Md. Apr. 4, 2017), argue that negligence per se is a cognizable claim under Maryland law that requires proof of the following: (1) a violation of a statute that protects a specific class of people; (2) plaintiff's membership in that class; (3) that plaintiff's harm is the type that the statute was designed to protect; and (4) proximate causation. The Court agrees with Defendants.

"[I]t is a settled common law rule in Maryland that a violation of a relevant statute or ordinance may be evidence of negligence to be considered by the trier of fact, although such violation does not establish negligence . . . as a matter of law." Maurer v. Pa. Nat'l Mut. Cas. Ins. Co., 945 A.2d 629, 634 (Md. 2007) (quoting Absolon v. Dollahite, 831 A.2d 6, 9 (Md. 2003); see also Brooks v. Lewin Realty III, Inc., 835 A.2d 616, 620 (Md. 2003) (explaining that under Maryland common law the violation of a statute or ordinance is merely evidence of negligence); Rivers v. Hagner Mgmt. Corp., 959 A.2d 110, 123 (Md.Ct.Spec.App. 2008) (noting that Maryland, like a minority of states, "treat[s] the violation [of a statute] simply as evidence of negligence") (citations omitted).

Here, Plaintiffs allege that Defendant Hanson violated Maryland traffic laws, which were intended to protect pedestrians like Plaintiff Hanson from the injuries he suffered. They assert that, but for Defendant Hanson's violation of those traffic laws, Plaintiff Hanson would not have been injured. In support thereof, Plaintiffs rely heavily on Jimenez, which identified the elements of a negligence per se claim. 2017 WL 1230823, at *4–5. However, the discussion of negligence per se in Jimenez relied on Hart v. A.C.E. Taxi, in which this Court explicitly states: "As recently explained by the Court of Appeals of Maryland, 'the long established general rule in Maryland [is] that the violation of a statutory duty is only evidence of negligence, but does not establish negligence per se.'" 442 F.Supp.2d 268, 270 (D.Md. 2006) (quoting Absolon, 831 A.2d at 9) (explaining that evidence of negligence per se may establish a prima facie case of negligence). Thus, despite Plaintiffs' assertions to the contrary, violation of a statute or ordinance is merely evidence of negligence—not an independent claim for negligence per se. Accordingly, the Court will grant Defendants' Motion to Dismiss Plaintiffs' negligence per se claim (Count III).

**Motion to Strike**

Defendants move to strike Plaintiffs' request for punitive damages pursuant to Rule 12(f). The "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The United States Court of Appeals for the Fourth Circuit notes that Rule 12(f) motions are generally disfavored "'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Bradshaw v. Hilco Receivables, LLC, 725 F.Supp.2d 532, 535 (D.Md. 2010) (quoting Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)). Therefore, "[w]hen reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" Piontek v. Serv. Ctrs. Corp., PJM-10-1202, 2010 WL 4449419, at *8–9 (D.Md. Nov. 5, 2010) (quoting Clark v. Milam, 152 F.R.D. 66, 71 (S.D.W.Va. 1993)). And, in determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order 'to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.'" Haley Paint Co. v. E.I. du Pont de Nemours & Co., 279 F.R.D. 331, 335 (D.Md. 2012) (quoting Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 649 (D.Kan. 2009)).

Defendants argue that Plaintiffs' negligence allegations are legally insufficient to support a request for punitive damages. Conversely, Plaintiffs argue that it is premature to determine that punitive damages may not be awarded, because this Court has not yet determined if Defendants

"acted recklessly" or "disregarded the likely harm" associated with their actions. (Pls.' Mem. Opp'n Defs.' Mot. Dismiss Pls.' Compl. Mot. Strike ["Pls.' Opp'n"] at 4, ECF No. 16). Plaintiffs also contend that punitive damages can be supported upon a showing of "wanton disregard for safety." (Id.). The Court agrees with Defendants.

Punitive damages compensate the plaintiff for "the heinous nature of the defendant's tortious conduct," punish the defendant for that conduct, and deter others from engaging in similar conduct. Owens-Illinois, Inc. v. Zenobia, 601 A.2d 633, 649–50 (Md. 1992). Thus, a plaintiff seeking punitive damages in a non-intentional tort action must show "evil motive, intent to injure, ill will, or fraud, i.e., 'actual malice.'" Id. at 652; see also Komornik v. Sparks, 629 A.2d 721, 724 (Md. 1993) (concluding that a request for punitive damages resulting from drunk driving was insufficient to show actual malice). Negligence, however gross, is not enough to support a request for punitive damages. Al-Sabah v. Agbodjogbe, No. SAG-17-730, 2020 WL 1307388, at *2 (D.Md. Mar. 19, 2020). If a plaintiff fails to properly support his or her request for punitive damages, the court may strike the request. See, e.g., Mitchell v. Lydall, Inc., No. 93-1374, 1994 WL 38703, at *4 (4th Cir. Feb. 10, 1994) (unpublished per curiam opinion) (affirming a grant to strike punitive damages because they were not justified by the claims); Bradshaw, 725 F.Supp.2d at 534 (explaining that a Rule 12(f) motion may be more appropriate than a 12(c) motion when it "serves as a pruning device to eliminate objectionable matter from an opponent's pleadings and, unlike the Rule 12(c) procedure, it is not directed at gaining a final judgment on the merits").

Here, Plaintiffs' negligence claims—and the loss of consortium claim arising therefrom—are, by their nature, non-intentional torts that are not characterized by actual malice. See Zenobia, 601 A.2d at 652; see also Rozinsky v. Assurance Co. of Am., No. RDB-15-02408, 2016 WL 927147, at *3 (D.Md. Mar. 4, 2016) (explaining that loss of consortium claims typically stem from traditional negligence theories). Even if Plaintiffs later learn through discovery that Defendants "acted recklessly," "disregarded the likely harm" to Plaintiff Hanson, or otherwise evidenced a "wanton disregard for safety," these allegations do not justify an award for punitive damages. See Zenobia, 601 A.2d at 650–51 (rejecting cases that allowed a plaintiff to recover punitive damages upon a showing of "gross negligence," defined as "wanton or reckless disregard for human life") (internal quotation marks and citations omitted). Such allegations previously supported a finding of "implied malice," which, in turn, supported a request for punitive damages; however, the line of cases advancing that theory have been overruled. See, e.g., Smith v. Gray Concrete Pipe Co., 297 A.2d 721, 731 (1972), overruled by Zenobia, 601 A.2d at 652. Because the Plaintiffs have failed to allege any facts establishing that Defendants acted with actual malice, the Complaint does not support a request for punitive damages, and the Court will grant Defendants' Motion to Strike.

For the foregoing reasons, Defendants' Partial Motion to Dismiss Count III of Plaintiffs' Complaint and Motion to Strike All Requests for Punitive Damages (ECF No. 14) is GRANTED. Defendants shall FILE an Answer to Plaintiffs' remaining claims within twenty-one days of the date of this Order. Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

5

Very truly yours,

/s/
George L. Russell, III
United States District Judge

5